IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Hakiim Rashid Speaks, | ) |
|              Plaintiff, | ) |
| | ) Civil Action No. 6:19-cv-1694-BHH |
| v. | ) |
| | ) |
| Mark H. Dulude, | ) **ORDER** |
| Greenville County Sheriff's Office, | ) |
| | ) |
|              Defendant. | ) |

This matter is before the Court upon Plaintiff Hakiim Rashid Speaks' ("Plaintiff" or "Speaks") complaint filed pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff alleges that Defendants violated his Fourth and Fourteenth Amendment rights during the course of his arrest.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations. On June 17, 2019, Magistrate Judge Jacquelyn D. Austin issued a report and recommendation ("Report") outlining Plaintiff's claims and recommending that the Court dismiss the action without issuance and service of process. Specifically, the Magistrate Judge determined that Defendant Greenville County Sheriff's Office is entitled to summary dismissal because Plaintiff's complaint includes no factual allegations against this Defendant and because this Defendant is entitled to Eleventh Amendment immunity. In addition, the Magistrate Judge determined that Plaintiff's claims as a whole are barred by *Heck v. Humphrey*, 512 U.S. 477, 481 (1994), because Plaintiff's conviction and sentence have not been invalidated. Lastly, the Magistrate Judge determined that

Plaintiff's claims related to his pending state court criminal action are not properly before the Court based on the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny. Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge that this action is subject to summary dismissal.

Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 9), and the Court hereby dismisses this action without issuance and service of process.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

July 9, 2019
Charleston, South Carolina